UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAY CAMPBELL AND DONNY DOUGLAS,

    Defendants.
    _____/

Case No. 02-80863

Honorable Nancy G. Edmunds

**ORDER:**

1) Denying Defendants' Motion to Dismiss Pursuant to Rule 12(b) [75]

2) Denying Defendants' Motion to Preclude Reliance and Strike Allegations of Conspiracy Objects in Paragraphs 3 and 4 of Count One of the Indictment and to Dismiss Count One of the Indictment [76]

3) Denying Defendants' Motion to Strike Surplusage from Count Three of the Indictment [77]

4) Denying Defendants' Motion in Limine Regarding Statements and Documents of Co-Conspirator, William Coffey [78]

5) Granting Government's Motion in Limine to Preclude Defendants' Reliance upon the Decision of the UAW's Public Review Board Dated October 25, 2004 [83]

In its three-count Indictment, the Government alleges that during contract negotiations between the United Auto Workers ("UAW") and General Motors ("GM"), Defendants improperly demanded skilled trade jobs for two unqualified individuals, Gordon Campbell and Todd Fante.  Gordon Campbell is the son of Defendant Jay Campbell, and Fante is the son in law of another former UAW official.  The Government alleges that Defendants'

insistence on the hiring of Campbell and Fante took place throughout labor negotiations and throughout a strike at GM's Pontiac truck facility. Campbell and Fante were eventually hired into the skilled trade positions, and the strike ended after eighty-seven days. Before the Court are several pretrial motions, which are addressed in turn below.

**I.      Defendants' Motion to Dismiss Pursuant to Rule 12(b)**

As Defendants point out, each of the three counts of the Indictment requires the Government to prove that the individuals for whom Defendants allegedly secured "skilled trades" jobs are unqualified for those positions. If the Government fails to convince a jury of the individuals' qualifications, Defendants cannot be found guilty of the charged offenses. Defendants argue, however, that a jury is not even necessary, and that the employees in question can be shown to have been qualified *as a matter of law*. Defendants' argument is unpersuasive.

Defendants rely on three pieces of evidence. First, on October 25, 2004, the UAW Public Review Board ("PRB") issued an opinion addressing whether "improper considerations influenced the General Motors Department's decision not to remand the reinstatement of their grievances challenging the credentials of two new hires into their skilled-trades classifications." (Br. of Defs. Ex. F2 at 1.) In finding that the GM Department's decision was not influenced by improper considerations, the PRB also made several findings about the qualifications of the two employees at issue, Gordon Campbell and Todd Fante. The PRB stated, for example, that "[t]here is nothing in the record of this appeal to support [the] contention that Campbell and Fante lacked the qualifications to be hired into a skilled-trades classification . . . ." (*Id.* at 12.)

Second, on September 22, 1999, the National Labor Relations Board ("NLRB") refused to issue a complaint against the UAW where "Jay Campbell, Chairman of Shop Committee, and another Union official benefitted from this provision regarding new hires, by virtue of their relatives being hired, the Union violated its duty of fair representation." (Br. of Def. Ex. C at 1.) After holding that the allegation was untimely filed, the NLRB stated that its investigation failed to establish that the UAW violated its duty of fair representation:

> Part of the Union's proposal, agreed upon by management, included a provision that 2 of the 31 additional manpower openings would be new hires. The ratification vote was passed by a total of 94% of the members voting. The new persons hired after ratification are not classified as [Employees in Training], Journeymen or Apprentices and appear to be relatives or friends of the Local 594 bargaining team. However, the failure to disclose this aspect of the manpower provisions does not establish that the ratification vote would have been substantially different given the overwhelming vote in favor of ratification.

(*Id.* Ex. D at 3-4.)

Finally, on August 5, 2005, the Sixth Circuit Court of Appeals affirmed a district court's grant of summary judgment in a civil case addressing the transaction at issue here. The plaintiffs in *Garrish v. UAW*, 417 F.3d 590 (6th Cir. 2005), sued under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, for breach of contract and breach of the duty of fair representation, seeking "the removal of Gordon Campbell and Fante from their skilled trade positions, as well as compensatory damages in lost wages for 5,000 employees during the prolonged strike and punitive damages from all defendants." *Id.* at 593. The Sixth Circuit opinion primarily addresses whether the plaintiffs' claims were time-barred, ultimately finding in favor of the defendants and refusing to allow the claims to go

3

forward. But a paragraph at the end of the court's opinion briefly touches upon the merits of the case:

> Neither the prolongation of a strike nor the payoffs constitutes a cause of action in the instant appeal . . . . Although the hiring of unqualified employees is a viable claim under § 301, the only available remedy here would be that which Plaintiffs sought in their grievances. However, this claim is time barred.

*Id.* at 598 (internal citations omitted).

Contrary to Defendants' argument, none of these authorities establishes conclusively that Gordon Campbell and Todd Fante were qualified for skilled trade positions. More importantly, these authorities cannot establish this issue as a matter of law.

Federal Rule of Criminal Procedure 12(b)(2), upon which Defendants rely, provides that a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue."

> Generally, motions are capable of determination before trial if they raise questions of law rather than fact. However, . . . a district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motion so long as the court's findings on the motion do not invade the province of the ultimate finder of fact. Thus, a defense is "'capable of determination' if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense."

*United States v. Jones*, 542 F.2d 661, 664-665 (6th Cir. 1976) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)) (some internal citations omitted). On a motion to dismiss, the Court must view the Indictment's factual allegations as true, and must determine only whether the Indictment is "valid on its face." *Costello v. United States*, 350 U.S. 359, 363 (1956).

forward. But a paragraph at the end of the court's opinion briefly touches upon the merits of the case:

> Neither the prolongation of a strike nor the payoffs constitutes a cause of action in the instant appeal . . . . Although the hiring of unqualified employees is a viable claim under § 301, the only available remedy here would be that which Plaintiffs sought in their grievances. However, this claim is time barred.

*Id.* at 598 (internal citations omitted).

Contrary to Defendants' argument, none of these authorities establishes conclusively that Gordon Campbell and Todd Fante were qualified for skilled trade positions. More importantly, these authorities cannot establish this issue as a matter of law.

Federal Rule of Criminal Procedure 12(b)(2), upon which Defendants rely, provides that a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue."

> Generally, motions are capable of determination before trial if they raise questions of law rather than fact. However, . . . a district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motion so long as the court's findings on the motion do not invade the province of the ultimate finder of fact. Thus, a defense is "'capable of determination' if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense."

*United States v. Jones*, 542 F.2d 661, 664-665 (6th Cir. 1976) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)) (some internal citations omitted). On a motion to dismiss, the Court must view the Indictment's factual allegations as true, and must determine only whether the Indictment is "valid on its face." *Costello v. United States*, 350 U.S. 359, 363 (1956).

Defendants have advanced no reason why the indictment is legally invalid on its face. To hold that Defendants were qualified for the skilled trade jobs would invade the province of the jury, and would do so in furtherance of no separate preliminary question of law. Perhaps the facts will support their argument at trial, but this Court is not the judge of that.[1]

Because Campbell's Fante's job qualifications are not questions of law for this court, the Court DENIES Defendants' Motion to Dismiss Pursuant to Rule 12(b).

## II. Defendants' Motion to Preclude Reliance and Strike Allegations of Conspiracy Objects in Paragraphs 3 and 4 of Count One of the Indictment and to Dismiss Count One of the Indictment

At issue in this Motion are Paragraphs 3 and 4 of Count One of the Indictment, which fall under the heading, "THE OBJECTS OF THE CONSPIRACY." Both Paragraphs begin, "It was an object of the conspiracy that Defendants . . . would unlawfully and willingly request, demand, receive and accept, and agree to accept, the payment, loan, and delivery of things in value in excess of $1,000 from GM, to wit: . . . ." The Paragraphs then specify the two objects of the conspiracy, respectively, as "the authority to amend the terms of the National Agreements between GM and the UAW," and "the skilled trades and/or journeyman designation . . . and employment under that designation with associated wages and benefits for Gordon Campbell and Todd Fante . . . ." (Indictment at 3-4.)

On October 21, 2003, this Court Dismissed the Indictment. As to Count I, the Court stated, "in order to violate these sections, Defendants must have conspired to demand

---

[1] Defendants state that the Court "*may* dismiss the Indictment" (Br. of Defs. at 9), and that the Court "*has the authority* to dismiss an indictment as a matter of law before trial based upon defenses or insufficiency of evidence . . . ." (Repl. Br. of Defs. at 2.) Even if the Court could dismiss the indictment based on insufficiency of the evidence, the Court would decline to do so. Defendant's evidence does not support such a finding.

5

some 'thing of value.'" *United States v. Campbell*, 291 F. Supp. 2d 547, 551 (E.D. Mich. 2003). The Court then found that neither of the alleged objects of the conspiracy were actually "things of value" to Defendants, therefore defeating Count One of the Indictment. *Id.* at 551-53.

The Government appealed. The Sixth Circuit described this Court's reasoning as follows:

> [T]he district court [found] that neither the authority to amend the National Agreement nor the procurement of jobs for third parties qualifies as a thing of value under the statute. The district court reasoned that because defendants did not conspire for "things of value," they did not engage in the acts prohibited by either section of the Act. The court concluded that absent an allegation that defendants violated the substantive statute, they necessarily could not have violated section 371, and, thus, the indictment did not allege a criminal offense.

*United States v. Douglas,* 398 F.3d 407, 412 (6th Cir. 2005). The court declined to decide whether this Court was correct in holding that the alleged objects of the conspiracy were not "things of value." *Id.* at 412 n.1.[2] It held only that because the Indictment "need not include reference to 'things of value,'" it was error for this Court even to ask the question. *Id.* The Government aptly describes the Sixth Circuit's reasoning: "The panel found that a minimally sufficient indictment for conspiracy under section 371 need not provide all the specific elements of the offense to be violated. In other words, the Government alleged a

---

[2]The Sixth Circuit noted, "The United States has elected not to appeal the district court's finding that the employment and authority to amend were not 'things of value.'" 398 F.3d 412 n.1. The Government vigorously argues that the Sixth Circuit has entirely misunderstood its position, pointing out that it has indeed contested this Court's determination that the alleged objects of the conspiracy were not in fact things of value. Indeed, the Government filed a Motion in the Sixth Circuit asking that court to "delete footnote one of its opinion or modify it to eliminate the misstatement that the Government elected not to appeal the district court's legal conclusion and factual finding that the employment was not a 'thing of value.'" (Br. of Defs. Ex. A at 4.)

6

conspiracy in Count One providing more detail than necessary, but a sufficient conspiracy all the same . . . ." (Br. of Gov't at 5.)

Defendants make two arguments. First, they argue that because the Sixth Circuit did not explicitly reverse this Court's finding that the two alleged objects of the conspiracy were insufficient as a matter of law, this Court should strike Paragraphs 3 and 4 from the Indictment. This argument rests on the Sixth Circuit's finding that the Indictment is sufficient without Paragraphs 3 and 4, and at the same time, decision not to reverse this Court's ruling that Paragraphs 3 and 4 are insufficient to constitute objects of the conspiracy. Defendants rely on the law of the case doctrine, which, "[a]s most commonly defined, . . . posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-816 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). Because this Court's holding as to Paragraphs 3 and 4 has not been disturbed, Defendants argue, it should remain the "law of the case."

Defendants' second argument rests on the Fifth Amendment Right to a grand jury indictment:

> If this Court is now to adopt the Court of Appeals, as it must, the allegations in Count One can only be taken as general and not limited to an agreement to obtain specific things of value. Based on the Court of Appeals decision, Count One can only be taken to charge an offense plainly broader than the one alleged by the grand jury.

(Br. of Defs. at 11.)

Each of these arguments is compelling, and they highlight what might be--as both Defendants and the Government point out--a shortcoming of the Sixth Circuit's opinion in this case. By addressing only the preliminary issue of whether the Government needed to

allege the particular objects of Defendants' conspiracy, the Sixth Circuit sidestepped a more salient issue: "Given that the Government has alleged two particular 'objects of the conspiracy,' are those objects sufficient as a matter of law?" Unfortunately, the Sixth Circuit provided no guidance to the parties or to this Court in resolving the issue.

The problem with Defendants' argument is that it assumes, and asks this Court to assume, that if the Sixth Circuit had addressed the entirety of the issue, it would have reached the opposite result. In other words, had the Sixth Circuit ruled as Defendants are now asking this Court to rule, it would have upheld this Court's dismissal of Count One of the Indictment on alternate grounds.

This Court appreciates the logic of Defendants' argument. Nevertheless, the Court is compelled to assume that the Sixth Circuit has implicitly overruled this Court's holding that the alleged objects of the conspiracy are insufficient as a matter of law. The Court therefore reverses its earlier holding that Paragraphs 3 and 4 of the Indictment do not describe "things of value," and declines to strike those Paragraphs from the Indictment. The Court holds, in accordance with the Sixth Circuit's implicit directions, that Paragraphs 3 and 4 are legally sufficient to support convictions in this case.

Because the Sixth Circuit has held that Count One of the Indictment is sufficient as alleged to support a conviction, the Court DENIES Defendants' Motion to Preclude Reliance and Strike Allegations of Conspiracy Objects in Paragraphs 3 and 4 of Count One of the Indictment and to Dismiss Count One of the Indictment.

**III.  Defendants' Motion to Strike Surplusage from Count Three of the Indictment**

In this Motion, Defendants raise a similar argument as discussed immediately above. Count III of the indictment charges Defendants with defrauding UAW members of three

things, one of which is defined in the Indictment as "the honest services of the Defendants, which they owed to Local 594 members pursuant to Article 19 of the UAW Constitution, Section 501(a) of the [Labor Management Reporting and Disclosure Act ("LMRDA")], and the defendants' duty to faithfully and fairly represent the members of Local 594 as labor representatives." (Indictment at 12.)

In its October 21, 2003 dismissal of the Indictment, this Court held that the Indictment was "insufficient to establish the third element of a breach of honest services allegation, that is Defendants should have reasonably foreseen that the breach would create an economic risk to the membership of Local 594." 291 F. Supp. 2d at 557. The Court went on to note that the Government's allegations of "honest services" fraud "are essentially allegations of unfair labor practices, which should not result in criminal liability." *Id.* The Court relied on *United States v. Boffa*, 688 F.2d 919 (3d Cir. 1982), in which the Third Circuit found that "[t]o permit mail fraud prosecutions grounded on unfair labor practices would be to impose criminal penalties for conduct that, until now, has been remediable solely under the NLRA." *Id.* at 928. Finally, the Court found that Defendants' alleged violation of "their duty to faithfully and fairly represent the members" should not result in criminal liability. *Id.*

In the Sixth Circuit opinion reversing this Court's dismissal of the Indictment, the court held that the element that this Court had found to be missing from the Indictment--that Defendants should have "reasonably foreseen that the breach would create an economic risk"--was actually not an essential element to the Indictment, and its absence was therefore not fatal to the Government's case.

9

The Sixth Circuit agreed with *Boffa*'s proposition that "while deprivation of rights guaranteed by the [NLRA] may . . . be vindicated solely through that Act's procedures for unfair labor practice disputes, schemes to deprive an individual of economic benefits that are contained in a collective bargaining agreement are subject to the criminal sanctions set forth in the mail fraud statute." 398 F.3d at 417 (citing *Boffa*, 688 F.2d at 930). Nevertheless, the court appears to have been satisfied with the Indictment: "The government accurately states the elements of the honest services charge. The indictment has only to allege that defendants devised a scheme to defraud, involving use of the mails for the purpose of executing the scheme. The indictment sufficiently makes these allegations." *Id.* at 419.

Defendants contend that "the Sixth Circuit Opinion in this case agrees with *Boffa*'s analysis of duty of fair representation and with *Boffa*'s distinction between schemes intended to deprive employees by 'unfair labor practices related to the [NLRA],' and schemes focused on deprivation of economic benefits." (Repl. Br. of Defs. at 2 (citation omitted).) The Sixth Circuit did not expressly disagree with this Court's finding that the unfair labor practices charges did not support the indictment. Thus, Defendants argue, based on the "law of the case doctrine," this Court should reaffirm its earlier holding as to that issue, and should "conclude that the Count Three 'duty of fair representation' allegations have no legal validity.'" (Br. of Defs. At 3.)

For the same reasons as the Court has discussed in the previous section, it declines to reaffirm its earlier holding. While the Sixth Circuit did not rule on this discrete issue, it was very clearly satisfied with the Indictment as alleged. The Sixth Circuit was competent to address the issue, and spent a good deal of time discussing the "honest services"

10

charges. This Court assumes that if the Sixth Circuit had agreed with this Court's holding as to the present issue, it would have said so. Because, pursuant to the Sixth Circuit opinion, the Government has accurately pled the "honest services" charge, this Court DENIES Defendants' Motion to Strike Surplusage from Count Three of the Indictment.

### IV. Defendants' Motion in Limine Regarding Statements and Documents of Co-Conspirator, William Coffey

The indictment in this case names three defendants, Jay Campbell, Donny Douglas, and William Coffey, all of whom are alleged to have been involved in the same conspiracy. Coffey died in 2004. Prior to his death, however, Coffey made a number of written and oral statements about this case. The Government will seek to introduce many of these statements against Defendants at trail.

Defendants describe this Motion in Limine as follows:

> Defendant[s] acknowledge[] that hearsay statements of a deceased coconspirator may be admissible under a number of exceptions to the hearsay rule pursuant to the Federal Rules of Evidence. Defendant[s] simply request[] that the statements and documents made by Mr. Coffey over the period of August, 1994 through August 4, that the government intends to introduce . . . be identified in advance of trial or be precluded from evidence. Hearings must be held to determine the admissibility of these hearsay statements and documents containing statements purportedly made by Mr. Coffey at a reasonable time before trial.

(Repl. Br. of Def. at 1-2.)

Defendants do not cite a single basis for exclusion of Coffey's statements. Rather, they appear simply to ask for a "heads-up," so that they can prepare for trial and so that trial can move forward without unnecessary waste of time.

Given that Defendants have provided no reason that some of Coffey's statements might be excluded, the Court sees no danger for an unnecessary waste of time. Of course,

11

any inadmissible hearsay statements of William Coffey will be excluded at trial, but the Court is comfortable addressing each objection as it arises in the context of trail.  The Court therefore DENIES without prejudice Defendants' Motion in Limine Regarding Statements and Documents of Co-Conspirator, William Coffey.

**V.    Government's Motion in Limine to Preclude Defendants' Reliance upon the Decision of the UAW's Public Review Board Dated October 25, 2004**

The Government moves to exclude evidence of an internal UAW decision favorable to Defendants' position in this case.  Specifically, Defendants seek to introduce evidence of the UAW's Public Review Board Decision of October 25, 2004, finding, among other things, that "[t]here is nothing in the record of this appeal to support [the] contention that Campbell and Fante lacked the qualifications to be hired into a skilled-trades classification . . . ."  *See supra* Section I.

Although the facts are somewhat complex, and the briefing is extensive, this Motion requires a simple Rule 403 balancing test.  The Court finds that evidence is of limited probative value, since the standards of review, evidentiary rules, and other procedural considerations are different in an internal union proceeding.  Moreover, the evidence has the potential for extreme unfair prejudice, since a jury may tend to defer to the Union's findings, rather than to make its own conclusions of fact.  Finally, Defendants' cases do very little to support their position; at most they stand for the proposition that the Court has discretion to allow evidence of prior union proceedings for limited purposes.  Therefore, the Court GRANTS the Government's Motion in Limine to Preclude Defendants' Reliance upon the Decision of the UAW's Public Review Board Dated October 25, 2004.

**VI.   Conclusion**

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above and on the record, the Court hereby DENIES each of the Defendants' Motions and GRANTS the Government's Motion.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 6, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 6, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager
