UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAY D. CAMPBELL and DONNY G. DOUGLAS,

    Defendants.

                                              /

Case No. 02-80863

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANTS'
(1) MOTION FOR JUDGMENT OF ACQUITTAL,
(2) MOTION FOR A NEW TRIAL UNDER RULE 33,
(3) MOTION FOR A NEW TRIAL UNDER BRADY V. MARYLAND, AND
(4) MOTION FOR ARREST OF JUDGMENT**

This matter came before the Court on several post-verdict motions filed by Defendant Jay Campbell and Defendant Donny Douglas (collectively "Defendants") on July 31, 2006. On June 27, 2006, Defendants were each convicted of two counts of conspiracy, related to using their union positions to obtain skilled trade jobs for unqualified individuals. Before this Court are the following motions related to this verdict: (1) motion for judgment of acquittal under Rule 29(c) of the Federal Rules of Criminal Procedure, (2) motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure, (3) motion for a new trial under *Brady v. Maryland*, 373 U.S. 83 (1963), and (4) motion for arrest of judgment under Rule 34 of the Federal Rules of Criminal Procedure. For the reasons listed below, the Court DENIES each of Defendants' motions.

**I. BACKGROUND**

The factual background of this case is well established in the existing record, and needs no further elaboration here. Defendants were each convicted of two counts of conspiracy for their actions in demanding that two unqualified individuals, Gordon Campbell and Todd Fante, be given skilled trade positions at a time when Defendants were engaged in bargaining negotiations with General Motors. Gordon Campbell is Defendant Campbell's son, and Fante is the son-in-law of another former UAW official. Prior to trial, this Court dismissed the indictment against Defendants for failure to allege a criminal offense, but the Sixth Circuit subsequently reversed, and the case returned to this Court. A jury found Defendants guilty on June 27, 2006, and Defendants filed the instant motions seeking a number of post-trial remedies on July 31, 2006.

## II. ANALYSIS

### A. Defendants are not Entitled to a Judgment of Acquittal Under Rule 29(c)

Defendants assert that two of the jury's findings were not supported by sufficient evidence: (1) that Defendants received a "thing of value" required to violate 29 U.S.C. § 186, and (2) that Defendants acted wrongfully in obtaining jobs for the two unqualified individuals. Defendants first argument also incorporates their view that, because they did not personally receive the skilled trade positions, they did not violate 29 U.S.C. § 186, since they did not personally receive a prohibited thing of value under the statute.

#### 1. Standard of review

This Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "In deciding whether the evidence is sufficient to withstand a motion for an acquittal, and support a conviction, the court views all evidence in the light most favorable to the prosecution and determines

whether there is any evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *United States v. Talley*, 164 F.3d 989, 996 (6th Cir. 1999). The court does not independently weigh the evidence or assess the credibility of trial witnesses. *Id.* It must, however "consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Fusero*, 106 F. Supp.2d 921, 926-27 (E.D. Mich. 2000) (internal quotation marks and citation omitted).

### 2. Jobs for others who were connected to Defendants constitute things of value for purposes of 29 U.S.C. § 186, and sufficient evidence exists to support the verdict that Defendants violated this statute

Prior to trial, this Court dismissed the indictment against Defendants, in part based upon the first argument that Defendants raise here. The Sixth Circuit subsequently reversed that opinion, however, and while that court did not specifically address the issue of whether 29 U.S.C. § 186 covered third party liability, its act of reversing the earlier dismissal in this case must be read to support such a result. *See U.S. v. Douglas*, 398 F.3d 407 (6th Cir. 2005). If the Sixth Circuit had agreed with this Court's earlier conclusion that Defendants' conduct did not result in their obtaining a thing of value, then the earlier reversal would not have been necessary. Therefore, Defendants' argument on this point does not warrant further consideration.

In terms of evidence on the record, sufficient evidence exists from which a reasonable jury could have found Defendants guilty of this charge. Specifically, a number of hiring officials at the Pontiac Truck plant testified that Gordon Campbell and Fante were unqualified, neither of these individuals would have been otherwise considered for skilled trades jobs, and neither would have been entitled to these positions under hiring procedure

3

guidelines even if they were qualified. Evidence also existed that Defendants conspired to demand that Gordon Campbell and Fante be given these positions. All of these pieces of evidence provide adequate support for the jury's verdict, and preclude this Court from reversing the judgment on these grounds.

### 3. Sufficient evidence exists to support the jury verdict that Defendants knew the objective of their actions was wrongful

Merely proving that Defendants actions were wrongful is insufficient to support a conviction here, as the government must show that Defendants' objective was contrary to legitimate union objectives. *U.S. v. Enmons*, 410 U.S. 396, 410 (1973). Defendants attempt to distinguish the facts of this case from two prior Sixth Circuit cases that found the conduct of union representatives to be wrongful because the conduct at issue violated current labor agreements. *See U.S. v. Cusmano*, 729 F.2d 380 (6th Cir. 1984); and *U.S. v. Russo*, 708 F.2d 209 (6th Cir. 1983). These arguments are unavailing, as that court already determined that Defendants' alleged actions here, if proven, were contrary to the existing agreement and UAW Constitution. *Douglas*, 398 F.3d at 415. At trial, testimony of hiring officials at General Motors established that they told Defendants that Gordon Campbell and Fante were not qualified for or entitled to these jobs, which would support the conclusion that Defendants knew they were pursuing a wrongful objective. Furthermore, the law does not require that the persons doing the extorting actually obtain property themselves in order to be found guilty. *U.S. v. Green*, 350 U.S. 415, 420 (1956). Therefore, Defendants are not entitled to a judgment of acquittal on these grounds, and their motion on this point is DENIED.

### B. Defendants are not Entitled to a New Trial Under Rule 33

Defendants argue that several errors in the jury instructions support their motion for a new trial. Their arguments regarding Instructions 30, 31, 39 and 41 were already addressed above, and need not be considered further here.

### 1. Standard of Review

Federal Rule of Criminal Procedure 33(a) permits the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." "Unless a motion for a new trial is based on newly discovered evidence, it must be filed within seven days of the verdict or within such further time as the court may fix during that seven-day period." *United States v. Koehler*, 24 F.3d 867, 869 (6th Cir. 1994) (citing Fed. R. Crim P. 33(b)). "If the motion is untimely, the court lacks jurisdiction to consider it on the merits." *Id.* Here, the Court granted Defendants' request for more time to file their post-trial motions and thus it has jurisdiction to consider a Rule 33 motion on the merits.

### 2. Defendants' alleged instructional errors are without merit

First, Defendants argue that Instruction 29 was in error because it stated that they did not need to know that their conduct was illegal to be found guilty. The Sixth Circuit does not require this degree of knowledge, however. All that is required is that Defendants knew what they were doing. *U.S. v. Carter*, 311 F.2d 934, 943 (6th Cir. 1963).

Next, Defendants argue that Instruction 38 improperly focused on the wrongfulness of Defendants' *acts*, as opposed to the proper inquiry, which is the wrongfulness of Defendants' *objectives*. The instruction as given accorded with standard pattern jury instructions, O'Malley et al., *Federal Jury Practice and Instructions* § 53.07 (5th ed. 2005), and Instruction 41 properly instructed the jury that its attention was properly focused on Defendants' objectives, so this argument is without merit.

5

Defendants also object to the exclusion of language from Instruction 40 that would have specifically noted that "the use of work stoppages, strikes or threats of strikes, is commonplace in union-management bargaining." (Defs.' Rule 33 Mot. for New Trial, ¶ 6.) Defendants cite no authority for the proposition that such language is required,[1] and this Court does not see how the instruction as given warrants a new trial without any legal support.

Finally, Defendants assert that the alleged conduct could not be wrongful unless the jobs obtained were "imposed, unwanted, superfluous [or] fictitious services." *Green*, 350 U.S. at 417. As the government points out, however, the quoted language from *Green* indicated an example of wrongful conduct, but did not serve to circumscribe other types of conduct from the definition.

For all the above reasons, Defendants are not entitled to a new trial under Rule 33 for improper jury instructions, so this motion is DENIED.

### C. Defendants are not Entitled to a New Trial Under *Brady v. Maryland*

Defendants' next argument is that the government's failure to disclose a prior state felony conviction by one of the government's witnesses, and subsequent grant of non-disqualification to this individual, violated Defendants' rights under *Brady v. Maryland*, 373 U.S. 83 (1963). *Brady* requires the disclosure of material evidence that is favorable to the accused in a criminal trial, but that case was not designed to grant broad discovery rights to criminal defendants. *U.S. v. Todd*, 920 F.2d 399, 405 (6th Cir. 1990) (citing *Weatherford v. Bursey*, 429 U.S. 545, 559, (1977)). The government violates a defendant's

---

[1] Defendants do cite to a concurring opinion in *Cusmano*, 729 F.2d 380, but the Court's review indicates that no concurring opinion was filed in that case.

6

rights under *Brady* when (1) "[t]he evidence at issue [is] favorable to the accused, either because it is exculpatory, or because it is impeaching," (2) "[the] evidence [was] suppressed by the State," and (3) "prejudice . . . ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

The particular witness at issue, Mark Hawkins, was a union official who pled guilty in 1988 to a state law offense for attempted receiving and concealing stolen property over $100 for his conduct in selling a stolen speedboat worth up to $10,000 to another union member. In 1990, Hawkins received relief from disqualification from the U.S. Justice Department's Organized Crime and Racketeering Section Criminal Division, which allowed him to maintain his union official position following the guilty plea. Defendants claim that the government violated their rights under *Brady* by failing to disclose Hawkins' conviction as well as the relief from disqualification, claiming that this would have provided them adequate information with which to impeach his testimony at trial.

Although Defendants' ability to establish each of the three *Stricker* elements is suspect, the bottom line issue with Hawkins' conviction is the fact that it is immaterial to the present action, if it would even be admissible under Rule 609 of the Federal Rules of Evidence. His guilty plea occurred eighteen years before trial occurred in this case, and at least eight years prior to Defendants' conduct in 1996 and 1997 that is the subject of the instant case. Furthermore, Hawkins' testimony at trial consisted primarily of general background information on union matters, and any statements he made regarding Defendants' actions were corroborated by other witnesses. This Court is not convinced that Defendants' use of the undisclosed information would have sufficiently impeached Hawkins' testimony, so Defendants have not shown that they were prejudiced by the

government's failure to disclose Hawkins' past conviction. Therefore, Defendants' motion for a new trial on these grounds is DENIED.

### D.  Defendants are not Entitled to an Arrest of Judgment Under Rule 34

Defendants' final ground for a new trial requests this Court to arrest the judgment because the indictment did not charge an offense, as Defendants did not receive a "thing of value" under 29 U.S.C. § 186.  A motion to arrest judgment under Rule 34 must be granted if substantive defects exist in the indictment or information, such that an offense is not charged, or if the court lacked jurisdiction over the case.  "Motions for this relief are rarely made, and it is even rarer that they are granted."  3 Charles Alan Wright, et al., Federal Practice and Procedure, § 571 (3rd ed. 2004).

Defendants' latest argument mirrors that which this Court already rejected above in their motion for a judgment of acquittal under Rule 29(c), so Defendants' motion is accordingly DENIED here as well.

### III.  SUMMARY

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above, the Court hereby orders as follows:

Defendants' motions (1) for judgment of acquittal under Rule 29(c), (2) for a new trial under Rule 33, (3) for a new trial under *Brady v. Maryland*, and (4) for arrest of judgment under Rule 34 are all DENIED.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: December 13, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 13, 2006, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager